DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS-ST. JOHN

| | |
|---|---|
| **Red Oak Capital Fund II, LLC**, <br><br> Plaintiff, <br><br> v. <br><br> **Tuglife Marine, LLC, Global Marine, LLC, and Stanley Hedrington**, <br><br> Defendant. | No. 3:21-cv-00068 |

# JUDGMENT

**BEFORE THE COURT** is the Motion for Default Judgment filed by Plaintiff Red Oak Capital Fund II, LLC ("**Red Oak**"). The Court, having reviewed the pleadings and submissions of the parties and being fully advised in the premises, makes the following findings of fact and conclusions of law:

## Findings of Fact and Conclusions of Law

### Parties

1. Red Oak is a foreign limited liability company with an address of 625 Kenmoor Avenue SE, Suite 200, Grand Rapids, Michigan 49546. Red Oak is a citizen of both Michigan and California for diversity purposes.

2. Defendant Tuglife Marine, LLC ("**Tuglife**") is a Domestic Limited Liability Company with an address of Parcel No. 774 Estate Chocolate Hole, St. John, U.S. Virgin Islands 00830. Tuglife is a citizen of the Virgin Islands for diversity purposes.

25313.0000

Judgment
*Red Oak Capital Fund II, LLC v.* Tuglife Marine, LLC, et al.
No. 3:21-cv-00068
Page 2 of 13

3.    Defendant Global Marina, LLC ("**Global Marine**") is a Domestic Limited Liability Company with an address of 102 Cruz Bay Quarter, St. John, VI 00830.  Global Marine is a citizen of the Virgin Islands for diversity purposes.

4.    Defendant Stanley Hedrington ("**Hedrington**") is an individual for diversity purposes with an address of Parcel No. 774 Estate Chocolate Hole, St. John, U.S. Virgin Islands 00831.  Hedrington is the sole trustee of the "SH Trust created November 20, 2018," which is the sole member of Tuglife.  Hedrington is also the sole member of Global Marine.

### Jurisdiction And Venue

5.    This Court has subject-matter jurisdiction over this matter under 48 U.S.C. § 1612(a) and 28 U.S.C. § 1332, as complete diversity exists between the parties and the amount in controversy exceeds $75,000 exclusive of costs and fees.

6.    Venue is proper in this Court under 28 U.S.C. § 1391(a) because the property that is the subject of this action is situated within the Division of St. Thomas-St. John and because all Defendants are subject to personal jurisdiction in the United States Virgin Islands at the time of the commencement of this suit.

### Factual And Procedural History

### The Loan Agreement

7.    On September 6, 2019, Tuglife executed a loan agreement with Red Oak whereby Red Oak agreed to loan Tuglife Marine, LLC the amount of $3,765,000.00 ("**Loan Agreement**").  Under the terms of the Loan Agreement, Tuglife agreed to make consecutive monthly installments in a minimum amount of not less than the interest due as set forth in

Judgment
*Red Oak Capital Fund II, LLC v.* Tuglife Marine, LLC, et al.
No. 3:21-cv-00068
Page 3 of 13

the accompanying promissory note.  The Loan Agreement also provided for a portion of the

loan proceeds to be used in the establishment of a "capital reserve account" to pay for ex-

penses associated with mortgaged property.

## The Note

8.    Under the terms of the Loan Agreement, Tuglife Marine, LLC executed and deliv-

ered to Red Oak a promissory note dated September 6, 2019 obligating themselves to pay

the principal amount of $3,765,000.00, together with interest 11.00% per annum with a final

payment equal to the full unpaid balance of principal, interest, and expenses (if any) due

upon the maturity of the Note on September 6, 2020 ("**Due Date**").  The Note also provides

that upon an event of default or upon Tuglife's failure to pay the entire balance due on the

Note by the Due Date, interest on the principal amount of the loan and any overdue interest

shall accrue at an additional rate of 5.00% per annum over the fixed rate.  The Note also

contained an "Extension Option" whereby Tuglife could elect to extend the Due Date for a

total of two six-month periods, each of which increased the interest rate on the indebtedness

by 0.500%.  Each exercise of the Extension Option requires a payment to Red Oak of an

"**Extension Fee**" in an amount equal to 1.00% of the outstanding principal amount of the

Note.

## The Mortgage

9.    To secure payment of the Note, Tuglife granted to Red Oak a first-priority mortgage

dated September 6, 2019 ("**Mortgage**") over Contant Center on St. Thomas, which is a com-

mercial property ("**Property**") described more particularly as:

Judgment
*Red Oak Capital Fund II, LLC v.* Tuglife Marine, LLC, et al.
No. 3:21-cv-00068
Page 4 of 13

> Parcel Nos. 8, 9, 9A, 16A, 32, 38A Estate Contant, 7A New Quarter, St. Thomas, U.S. Virgin Islands.

The Mortgage was recorded on September 10, 2019 at Doc. No. 2019006333.

### The Assignment of Rents

10.   As additional security for the repayment of the Note, Tuglife executed an "**Assignment of Rents**" dated September 6, 2019.  The Assignment of Rents provides that upon any event of default—which includes Tuglife's failure to make any payment when due under the Note—Red Oak shall have the right to take possession of the Property and collect all rents and apply those rental proceeds toward the indebtedness under the Note.

### The UCC Financing Statement

11.   In accordance with the terms of the Loan Agreement and Title 11A of the Virgin Islands Code, Red Oak recorded a "UCC Financing Statement" ("**UCC**") on September 27, 2019 at Doc. No. 2019006599.  The UCC gives Red Oak a security interest in all existing or future leases and subleases applying to all or any part of the Property ("**Leases**") and all present and future rents due or to become due to Tuglife from the Leases ("**Rents**").  The UCC also gives Red Oak a first perfected security interest in all present and future security deposits, demand deposits, earnest money deposits, and other funds (collectively, "**Deposits**") paid to Tuglife by any person under any of the Leases.  The UCC furthermore gives Red Oak a first perfected security interest in all present and future income (including Rents), receipts, revenues, progress payments, sale proceeds, issues, accounts, payments, proceeds, and profits due or to become due to Tuglife in respect to the Leases (collectively, "**Proceeds**").

Judgment
*Red Oak Capital Fund II, LLC v.* Tuglife Marine, LLC, et al.
No. 3:21-cv-00068
Page 5 of 13

**The Guaranties**

12. To further secure payment of the Note, Tuglife executed a "Commercial Loan Guaranty" dated September 6, 2019 ("**Tuglife Guaranty**"). Under the terms of the Tuglife Guaranty, Tuglife absolutely and unconditionally guaranteed full and punctual payment and satisfaction of its indebtedness under the Note to Red Oak, as well as the performance and discharge of its obligations under the Note and other documents related to the Loan.

13. To further secure payment of the Note, Global Marine executed a "Commercial Loan Guaranty" dated September 6, 2019 ("**Global Marine Guaranty**"). Under the terms of the Global Marine Guaranty, Global Marine absolutely and unconditionally guaranteed full and punctual payment and satisfaction of the indebtedness of Tuglife under the Note to Red Oak, as well as the performance and discharge of Tuglife's obligations under the Note and other documents related to the Loan.

14. Finally, to further secure repayment of the Note in accordance with the Loan Agreement, Hedrington executed a personal guaranty dated September 6, 2019 ("**Hedrington Guaranty**"). Under the terms of his guaranty, Hedrington unconditionally and irrevocably guaranteed full and prompt payment when due of all indebtedness, liabilities, and obligations of Tuglife arising from the Note, the Loan Agreement, and the Mortgage, together with expenses, costs and attorneys' fees incurred by Red Oak in connection with the enforcement of this Guaranty or any of the obligations of Tuglife to Red Oak. Furthermore, Hedrington unconditionally agreed that Red Oak may have immediate recourse against him for full and

Judgment
*Red Oak Capital Fund II, LLC v.* Tuglife Marine, LLC, et al.
No. 3:21-cv-00068
Page 6 of 13

immediate payment of the indebtedness under the Note, or any portion thereof, has not been

paid when due (whether by acceleration or otherwise).  Under the specific terms of his Guar-

anty, Hedrington's obligations as a guarantor of Tuglife's indebtedness are unlimited.

## Tuglife's Exercise of the Extension Option

15.   On or about September 6, 2020 (the original Due Date) and again on April 6, 2021,

Tuglife elected to exercise the Extension Options offered under the terms of the Note.

Tuglife's exercise of the Extension Options established a final Due Date for the loan of

September 6, 2021.  The Extension Options also increased the interest rate on the loan from

11.00% to 11.50% effective September 6, 2020 and from 11.50% to 12.00% effective April

6, 2021.

## The Default Under the Loan Documents

16.   The Loan Agreement, the Note, the Mortgage, the Tuglife Guaranty, the Global

Marine Guaranty, the Hedrington Guaranty, the Modified Loan Agreement, the Modified

Note, and the Modified Mortgage may be referred to collectively hereinafter as the "**Loan

Documents**."

17.   On or about September 22, 2020, Tuglife defaulted under the terms and conditions

of the Loan Agreement, the Note, and the Mortgage, by failing to pay off the outstanding

amounts due and owing under the Note when it matured on the September 6, 2020 Due Date.

Furthermore, Tuglife failed to cure such defaults or answer for the indebtedness under the

Note as required by the terms of the Tuglife Guaranty.  Likewise, Global Marine and

Judgment
*Red Oak Capital Fund II, LLC v.* Tuglife Marine, LLC, et al.
No. 3:21-cv-00068
Page 7 of 13

Hedrington failed to cure Tuglife's defaults or answer for the debt due under the Loan Documents as required by the terms of the Global Marine Guaranty and the Hedrington Guaranty.

18.   On December 10, 2020, Red Oak sent a notice of default to Tuglife declaring that it had breached the terms of the Loan Documents and that failure to cure its default would result in foreclosure of the Mortgage and sale of the Property in addition to the other available remedies.  To date, the default has not been cured and Tuglife remains in default under the terms of the Loan Agreement, the Note, and the Mortgage.  And, likewise, Tuglife, Global Marine, and Hedrington failed to honor their respective obligations under the terms of the Tuglife Guaranty, the Global Marine Guaranty, and the Hedrington Guaranty by answering for Tuglife's indebtedness under the Note.

### Hedrington's Awareness of this Action, and Entry of Default against the Defendants

19.   Red Oak submitted evidence showing that Hedrington, acting through counsel, requested an extension of time to answer the complaint.  Roughly one month later, Hedrington advised his counsel that Red Oak had agreed to refinance the loan, which was not true. Hearing nothing further from Hedrington or his counsel, Red Oak moved for entry of default against Tuglife, Global Marine, and Hedrington on November 9, 2021.  [ECF 10.]  The Clerk of Court entered default against those defendants on November 15, 2021.  [ECF 12.]

### Current Indebtedness

20.   By virtue of the default under the terms of the Loan Documents, the Default Rate of interest currently in effect is 17.00%.  As of December 8, 2021, Tuglife owes the principal

Judgment
*Red Oak Capital Fund II, LLC v.* Tuglife Marine, LLC, et al.
No. 3:21-cv-00068
Page 8 of 13

sum of $3,765,000.00; plus accrued interest in the amount of $57,867.53, which continues

to accrue at the rate of $1,753.56 per day; plus unpaid interest in the amount of $806,338.00;

plus unpaid late charges in the amount of $101,341.28; plus unpaid extension fees in the

amount of $75,300.00; with a trust balance credit of $191,527.00 applied to this

indebtedness, for a total amount due of $4,614,319.81.

21.  Red Oak is entitled to collect all sums due under Note from Tuglife.

22.  Red Oak is also entitled to collect all sums due under the Note from Tuglife under

the Tuglife Guaranty, from Global Marine under the Global Marine Guaranty, and from

Hedrington as provided by the Hedrington Guaranty.

23.  Red Oak is entitled to be reimbursed for any insurance premiums, taxes, or other

charges that it pays with respect to the Property as provided by the terms of the Mortgage.

24.  The UCC gives Red Oak a perfected first security interest in all Proceeds (including

Rents) and Deposits arising from all Leases on the Property.  These amounts cannot be read-

ily ascertained, and the facts necessary to determine the amounts owed to Red Oak are solely

within the knowledge of Tuglife by and through Hedrington as the sole Trustee of Tuglife's

sole member.

25.  Red Oak is entitled to be reimbursed by Tuglife, Global Marine, and Hedrington

for reasonable attorney fees and other expenses that Red Oak incurred in this matter as pro-

vided by the Loan Agreement, the Note, the Mortgage, the Tuglife Guaranty, the Global

Marine Guaranty, and the Hedrington Guaranty.  Red Oak has submitted competent evidence

to demonstrate that it has incurred $1,828.00 in costs and $13,380.00 in attorneys' fees for

44.60 of legal work.  $6,448.00 of its billed costs and fees is included as part of its judgment

debt calculations, leaving a balance of $8,760.00 in unbilled outstanding legal fees that it seeks to recover as part of its foreclosure judgment. The Court finds these amounts to be reasonable.

26.  Tuglife, Global Marine, and Hedrington each have failed to appear, answer, or otherwise defend this matter, and the Clerk of Court has entered default against them.

27.  Hedrington is not a minor or an incompetent, nor is Hedrington in the service of the United States military.

28.  Finally, the Court specifically finds under Fed. R. Civ. P. 54(b) that no just cause to delay entry of judgment exists.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DE-CREED** that Red Oak's Motion for Default Judgment is GRANTED; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Red Oak holds a first-priority lien against the Property; and

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Red Oak is awarded final judgment against Tuglife in the amount of the principal sum of $3,765,000.00; plus accrued interest from September 6, 2021, to December 8, 2021, in the amount of $57,867.53; plus unpaid accrued interest during the term of the loan in the amount of $806,338.00; plus unpaid late charges in the amount of $101,341.28; plus unpaid extension fees in the amount of $75,300.00; with a trust balance credit in the amount of $191,527.00; for a total indebtedness of **$4,614,319.81**; and

Judgment
*Red Oak Capital Fund II, LLC v.* Tuglife Marine, LLC, et al.
No. 3:21-cv-00068
Page 10 of 13

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that such indebtedness shall accrue interest at the rate of $1,753.56 per day from December 8, 2021, until the date of entry of this Judgment; and

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that such indebtedness shall accrue interest at the federal statutory rate interest rate (as calculated according to 28 U.S.C. § 1961(a)) from the date of entry of this Judgment until this Judgment is satisfied; and

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Red Oak is awarded compensable costs and attorneys' fees in the amount of $8,760.00, such sums to be added to the total indebtedness under this Judgment; and

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Red Oak may seek an additional award of subsequent costs and attorneys' fees to be determined upon appropriate application filed any time prior to entry of an Order confirming the sale of the Property; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Red Oak's Mortgage and all other liens subsequent or inferior to Red Oak's Mortgage are hereby FORECLOSED; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Property shall be sold by the United States Marshal according to law and the proceeds of such sale shall be applied first to the expenses associated with any sale—including but not limited to the costs of publication and the commission assessed by the United States Marshal's Service pursuant to 28 U.S.C. §1921—and then toward satisfaction of this judgment in favor of Red Oak,

Judgment
*Red Oak Capital Fund II, LLC v.* Tuglife Marine, LLC, et al.
No. 3:21-cv-00068
Page 11 of 13

including any costs and attorneys' fees that may be awarded upon further application and

any sums that may be paid by Red Oak for insurance premiums, taxes, and expenditures

necessary to maintain the Property pending sale with interest accruing from the date of any

such payment; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that any surplus re-

maining after the application of the proceeds as provided above shall be distributed in ac-

cordance with 5 V.I.C. § 489; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that time is of the

essence for the payment of all amounts in connection with the Marshal's Sale; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that at any time, be-

fore or after the Marshal's Sale, Red Oak shall be allowed to assign any or all of its rights

under this Judgment or any other Order of this Court, in whole or in part, to one or more

assignee(s) or nominee(s) without notice or approval of any kind; and Red Oak and its nom-

inee(s) and assignee(s) shall be allowed to transfer and/or assign any bids; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that:

1. Pursuant to V.I. Code Ann. tit. 5, §484 (1997), notice of the Marshal's sale shall be posted for four weeks prior to the sale in a public place in or near the Office of the Clerk of the Court; and published once a week for at least four consecutive weeks prior to the sale in a newspaper regularly issued and of general circulation in the U.S. Virgin Islands. The notice shall describe the Property as set out above and shall contain the terms and conditions of sale as set out herein.

2. The terms and conditions of the sale shall be as follows:

    (a) The Property shall be seized and sold as separately at public sale at the Office of the United States Marshal, Ron de Lugo Federal Building & United States Court-house, 5500 Veteran's Drive, St. Thomas, VI 00802;

Judgment
*Red Oak Capital Fund II, LLC v.* Tuglife Marine, LLC, et al.
No. 3:21-cv-00068
Page 12 of 13

(b)  Red Oak and its nominee(s) and assignee(s) may bid a credit against its judgment and interest thereon, plus any costs, fees, and expenses, without tender of cash;

(c)  The terms of sale as to all other bidders shall be bank check, money order, or other certified funds.  A winning cash bidder shall be required to deposit with the Marshal cash equal to 10% of his total bid at or before 5:00 p.m. on the date of sale; and the remaining ninety percent 90% of said purchase price to be paid on or before 5:00 p.m. within thirty days, inclusive, of the date of sale.

(d)  The purchaser at sale shall be responsible for the payment of stamp taxes, recording fees and related charges associated with obtaining and recording a deed to the Property.

(e)  The Marshal shall make a report of sale within ten (10) days from the date of sale.

(f)  If no objections have been filed in writing with the Clerk of Court by 10:00 a.m. within fifteen (15) days, inclusive, from the date of sale, the sale shall be confirmed upon motion of either Red Oak, its nominee(s) or assignee(s), or the purchaser at sale;

And

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Tuglife and all persons claiming therefrom or thereunder shall be forever barred and foreclosed from all rights of redemption and claims to the Property except for statutory redemption rights in accordance with 28 V.I.C. § 535; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that upon proper application Red Oak shall be entitled to judgment against Tuglife, Global Marine, and Hedrington, jointly and severally, for any deficiency that remains after the sale of the Property; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, within 30 days of the entry of this Order, Tuglife shall provide to Red Oak or its nominee(s) or assignee(s)

Judgment
*Red Oak Capital Fund II, LLC v.* Tuglife Marine, LLC, et al.
No. 3:21-cv-00068
Page 13 of 13

an accounting certified under oath of all Proceeds (including Rents) and Deposits arising

from all Leases on the Property; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Red Oak, its

nominee(s) or assignee(s), and the purchaser at sale shall have any and all writs necessary to

execute the terms of this Judgment; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Judgment

shall be directed to Red Oak's counsel of record, and shall be served by the Marshal on

Tuglife, Global Marine, and Hedrington.

Dated: July 13, 2022

/s/ Robert A. Molloy

Robert A. Molloy
District Court Judge