IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| RED OAK CAPITAL FUND II, LLC, | ) |
| Plaintiff, | ) ) ) ) ) |
| vs. | ) Civil No. 2021-68 ) |
| TUGLIFE MARINE, LLC, GLOBAL MARINE, LLC and STANLEY HEDRINGTON, | ) ) ) ) |
| Defendants. | ) ) ) |

**MEMORANDUM OPINION and ORDER**

Before the Court is Nael Salem's Motion to Intervene and for a Contempt Citation pursuant to Federal Rule of Civil Procedure 24(a)(2). [ECF 51]. Salem represents that his counsel discussed the motion with plaintiff Red Oak Capital Fund II, LLC's counsel and that plaintiff "has expressed no opposition to the filing of this Motion." *Id* at 1.[1]  Given the current posture of this matter, the Court shall exercise its authority to rule without a response or reply. LRCi 6.1(6).

**I.   BACKGROUND**

Plaintiff Red Oak filed a complaint to foreclose a mortgage on certain property (the "Estate Contant Center") on August 26, 2021. [ECF 1]. Despite service on all defendants, they failed to appear and defend, resulting in the entry of default against them on November 15, 2021. [ECF 12]. Plaintiff obtained Judgment by default on July 13, 2022. [ECF 27]. Plaintiff thereafter obtained a writ of execution [ECF 38] and the United States Marshals Service sold the property by auction on June 15, 2023 [ECF 47-5]. According to the Report of Sale, Nael Salem was the highest bidder. *Id.*

---

[1] The Clerk of Court entered a default against defendants Tuglife Marine, LLC, Global Marine, LLC, and Stanley Hedrington [ECF 12] and the Court entered a default judgment [ECF 27]. Nevertheless, Salem served a copy of this motion via email on Karl R. Percell, Esq., who Salem asserts is counsel to Tuglife and Hedrington. [ECF 51] at 2, 8.

Red Oak Capital Fund II, LLC v. Tuglife Marine, LLC, et al.
Civil No. 2021-68
Page 2

at 1.  Upon motion, on June 26, 2023, this Court entered an Order Confirming Sale, which provided in pertinent part in paragraph 6:

> Pursuant to Title 28, Section 535 of the Virgin Islands Code, Nael Salem, from the day of sale until a resale or a redemption, shall be entitled to the possession of the property purchased, unless the same be in possession of a tenant holding under an unexpired lease, and in such case shall be entitled to receive from such tenant the rents or the value of the use and occupation thereof during the same period[.]

[ECF 49] at 2.

Notwithstanding the terms of the Order Confirming Sale, according to Salem, on June 30, 2023, counsel to Tuglife, Karl Percell, Esq., wrote to the tenants at the property advising them to "continue to make rental payments to Tuglife Marine, LLC."  [ECF 51-1].  That same day, Salem's counsel emailed Attorney Percell, attaching a copy of the Order Confirming Sale and a letter in which he pointed out the language of paragraph 6 and asked Attorney Percell to immediately rescind Percell's June 30, 2023 letter.  [ECF 51-2].  On July 10, 2023, Attorney Percell sent another notice to the tenants, rescinding his June 30 letter.  [ECF 51-3].  In the interim, several tenants paid their rents to Tuglife or Hedrington, amounting to over $9,000.  [ECF 51-4].  Hedrington has refused to return the funds to Salem.  *Id.*  Salem seeks to have this Court issue a "contempt citation" requiring the immediate disgorgement of the funds to Salem, and for the imposition of other sanctions "stringent enough to mandate immediate compliance" from defendants.  [ECF 51] at 7.

## II.   LEGAL STANDARDS

### A. Rule 24 Intervention

Federal Rule of Civil Procedure 24 provides that on timely motion, the Court must permit anyone to intervene who:

> (1) is given an unconditional right to intervene by a federal statute; or

>(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).[2] The rule further provides that the Court may permit anyone to intervene who: "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). In exercising its discretion to grant permissive intervention, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The party seeking to intervene, whether as a matter of right or permissively, bears the burden of demonstrating that intervention is appropriate. *United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1181 n.9 (3d Cir. 1994); *Hoots v. Pennsylvania*, 672 F.2d 1133, 1135 (3d Cir. 1982).

Additionally, a Rule 24 movant must serve on the parties a copy of his motion accompanied by a pleading setting forth the claim or defense for which intervention is sought. Fed. R. Civ. P. 24(c). Failure to comply with Rule 24(c)'s pleading requirement may result in summary dismissal of the motion. *U.S. ex rel. Frank M. Sheesley Co. v. St. Paul Fire & Marine Ins. Co.*, 239 F.R.D. 404, 410 (W.D. Pa. 2006) (but noting "it is rare that only procedural grounds are proffered for denial"). However, courts have discretion to waive procedural defects and may do so based on "the merits of the motion itself, the lack of prejudice to the parties, and the principle that Rule 24 is

---

[2] Additionally, "[i]n this context, as in any other, standing is a 'threshold issue.'" *Wayne Land & Min. Grp., LLC v. Del. River Basin Comm'n*, 959 F.3d 569, 574 (3d Cir. 2020) (quoting *Town of Chester v. Laroe Ests., Inc.*, 581 U.S. 433, 435 (2017)). "For all relief sought, there must be a litigant with standing, whether that litigant joins the lawsuit as a plaintiff, a coplaintiff, or an intervenor of right." *Chester*, 581 U.S. at 439. Accordingly, "an intervenor of right must have Article III standing in order to pursue relief that is different from that which is sought by a party with standing." *Id.* at 440. "Th[is] includes cases in which both the plaintiff and the intervenor seek separate money judgments in their own names." *Id.* Courts "therefore ha[ve] a duty, before passing on the merits of the [] motion to intervene, to determine whether the [movant] must demonstrate Article III standing—whether, that is, they seek relief 'different from that which' [the plaintiff] requests." *Wayne*, 959 F.3d at 574 (citation omitted).

intended simply to notice the parties as to the applicant's position and arguments." *Id.* at 411 (collecting cases).

Salem seeks intervention as a matter of right under Rule 24(a)(2). In the Third Circuit, this requires proof of four elements:

> [F]irst, a timely application for leave to intervene; second, a sufficient interest in the litigation; third, a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action; and fourth, inadequate representation of the prospective intervenor's interest by existing parties to the litigation.

*Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998). "The moving party . . . bears the burden of establishing the right to intervene, and failure to satisfy any one of the four factors justifies denial of the request." *Pa. Gen. Energy Co. v. Grant Township*, 658 F. App'x 37, 40 (3d Cir. 2016). Nevertheless, "[t]here is a general reluctance to dispose of a motion to intervene as of right on untimeliness grounds because the would-be intervenor actually may be seriously harmed if not allowed to intervene." *Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pa.*, 701 F.3d 938, 949 (3d Cir. 2012).

Rule 24 does not detail what kind of interest a party must have to intervene as a matter of right, but the Supreme Court has held that "[w]hat is obviously meant . . . is a significantly protectable interest." *Donaldson v. United States*, 400 U.S. 517, 531 (1971).[3] "[T]he polestar for evaluating a claim for intervention is always whether the proposed intervenor's interest is direct or remote." *Kleissler*, 157 F.3d at 972. In other words, "intervenors should have an interest that is specific to them, is capable of definition, and will be directly affected in a substantially concrete fashion by the

---

[3] As the Third Circuit has observed, "[t]he most difficult question in many intervention cases . . . is the nature of the proposed intervenors' interest and whether this interest is sufficient to meet the requirements of Rule 24(a)(2)." *Kleissler*, 157 F.3d at 975–76 (Becker, J., concurring).

*Red Oak Capital Fund II, LLC v. Tuglife Marine, LLC, et al.*
Civil No. 2021-68
Page 5

relief sought." *Id.* This fact-specific inquiry requires the Court to examine "(1) the *reality* of the interest—does the litigation pose a 'tangible threat' to the applicant or simply a speculative one?—and (2) the *nature* of the interest, e.g., is it a 'mere economic interest'?" *Id.* at 976. "[W]hen the interest at issue is both real and legally cognizable (through contract, statute, or a property right), [courts] have found it to meet the requirements of Rule 24(a)(2)." *Id.*

"The third prong requires that the Court surmise the practical effects on the lawsuit of the grant or denial of the applicant's motion." *Sheesley*, 239 F.R.D. at 409. "Incidental effects on legal interests are insufficient; rather, there must be a tangible threat to the applicant's legal interest." *Id.* (citation omitted). "[T]his factor may be satisfied if, for example, a determination of the action in the applicants' absence will have a significant stare decisis effect on their claims, or if the applicants' rights may be affected by a proposed remedy." *Brody By & Through Sugzdinis v. Spang*, 957 F.2d 1108, 1123 (3d Cir. 1992).

Even if the purported intervenor has a real and legally cognizable interest that may be impaired if intervention is denied, to meet the fourth prong of Rule 24(a), he must still "show that his interests are not adequately represented by the existing parties." *Sheesley*, 239 F.R.D. at 409 (citation omitted). The "most important factor" in this analysis is "how the interest of the absentee compares with the interest of the present parties." *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 368 (3d Cir. 1995) (citation omitted). The Court will find the representation inadequate "on any of the following three grounds:"

> (1) that although the applicant's interests are similar to those of a party, they diverge sufficiently that the existing party cannot devote proper attention to the applicant's interests; (2) that there is collusion between the representative party and the opposing party; or (3) that the representative party is not diligently prosecuting the suit.

*Brody*, 957 F.2d at 1123.

### III. DISCUSSION

As an initial matter, the Court notes that Salem has not included with his motion a pleading setting forth his claim. Fed. R. Civ. P. 24(c). However, the Court will not deem this a fatal flaw as the motion itself amply sets forth the proposed intervenor's position and arguments. *See Sheesley*, 239 F.R.D. at 411.

Next, the Court considers whether Salem has demonstrated standing. In this case, Red Oak sought to obtain a judgment of mortgage foreclosure and repayment of monies loaned. By the instant motion, Salem is seeking the repayment of rent monies to which he claims entitlement by virtue of the Marshals Sale following Red Oak's judgment of foreclosure. Because this is different relief from that which Red Oak sought, Salem must independently demonstrate Article III standing. *Chester*, 581 U.S. at 438, 440 (plaintiff must show (1) injury in fact, (2) that is traceable to defendant's conduct, and (3) that is likely to be redressed with a favorable ruling). Although Salem does not address this issue, he alleges he suffered an injury that is fairly traceable to Tuglife's conduct. He further claims that a favorable ruling by this Court will redress that injury. The Court finds that Salem has demonstrated Article III standing.

The Court now turns to whether Salem has satisfied the four elements required for intervention as of right under Rule 24(a)(2).[4] First, there is no doubt that the motion is timely. With respect to the second factor, it appears that Salem has "an interest relating to the property or transaction which is the subject of the action that is significantly protectible." *Kleissler*, 157 F.3d at 969 (internal

---

[4] Salem does not seek permissive intervention under Rule 24(b). Even if he did, however, he would be unable to demonstrate an independent basis for subject matter jurisdiction. *See Southland Gaming of V.I., Inc. v Gov't of the V.I.*, 2019 WL 2106569, at *2 (D.V.I. May 14, 2019) (citing *Beach v. KDI Corp.*, 490 F.2d 1312, 1319 (3d Cir. 1974).

*Red Oak Capital Fund II, LLC v. Tuglife Marine, LLC, et al.*
Civil No. 2021-68
Page 7

quotations and citation omitted).  By virtue of this Court's Order Confirming Sale [ECF 49] at 3, and 28 V.I.C. § 535, Salem is entitled to collect the rents from any tenants at the property that was the subject matter of the underlying foreclosure suit.  As to the fourth factor, the adequacy of representation, it is reasonable to assume that the existing parties will not have much, if any, incentive to represent Salem's interests is this case.

It is the third factor, however, that gives the Court pause.  The conclusion of this action in the absence of intervention would not impair or impede Salem's ability to protect his interest in the rents Tuglife wrongfully collected.  Salem is free to pursue the claim for those rents in the local court.  Although making the claim here might result in some convenience to Salem, courts should be mindful of a proposed intervenor "seeking a shortcut to lawsuit" by stepping aboard an ongoing suit "as a matter of convenience in the trial of their own case."  *Kauffman v. Kebert*, 16 F.R.D. 225, 228 (W.D. Pa. 1954) (the "right to bring a separate suit . . . should not be confused with the right to intervene").  Accordingly, the Court finds that Salem cannot satisfy every requirement for intervention of right, and the motion to intervene must therefore be denied.

The premises considered, it is ORDERED that the Motion to Intervene and for a Contempt Citation [ECF 51] is DENIED.[5]

**Dated:** August 23, 2023                                S_____
                                                                              **RUTH MILLER**
                                                                              United States Magistrate Judge

---

[5] Because the Court finds that intervention is not appropriate, the Court declines to consider issuing a citation for contempt.